**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEI ZHANG, | No. 19-72544 |
| Petitioner, | Agency No. A087-817-708 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before: SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Wei Zhang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

We do not consider the country conditions evidence Zhang references in his opening brief that is not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The agency did not abuse its discretion in determining Zhang's conviction under California Penal Code § 273.5 was a particularly serious crime that barred him from eligibility for asylum and withholding of removal, where it applied the appropriate factors to weigh the seriousness of the crime in a case-specific inquiry. *See Avendano-Hernandez*, 800 F.3d at 1077 ("Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion." (internal quotation marks and citations omitted)); *see also* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). We do no reach Zhang's additional contentions as to his eligibility for asylum and withholding of removal because the BIA did not deny relief on those grounds. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the

19-72544

actual grounds relied upon by the BIA). Thus, Zhang's asylum and withholding of removal claims fail.

As to Zhang's CAT claim, it appears the agency misstated the record when it found there is no indication in the country conditions evidence that house church members have been tortured while in detention. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020) ("CAT's implementing regulations require the agency to consider all evidence relevant to the possibility of future torture, and we have reversed where the agency has failed to do so." (internal quotation marks and citations omitted)); *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011) (indications of the agency's failure to properly consider all of the relevant evidence "include misstating the record."). Thus, we grant the petition for review as to Zhang's CAT claim and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18, (2002) (per curiam).

Zhang's removal is stayed pending a decision by the BIA.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part, GRANTED in part; REMANDED.**